# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| OMAR S. MERRITT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:15-CV-308-TLS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

The Petitioner, a pro se prisoner, filed a habeas corpus petition [ECF No. 1] challenging a prison disciplinary hearing (ISF 14-11-085) held on November 17, 2014. At the hearing, a Disciplinary Hearing Officer (DHO) found him guilty of disorderly conduct in violation of B-236, deprived him of 90 days earned credit time, and demoted him to Credit Class 2. The Petitioner acknowledges that he threw his food on the floor, but he argues that the DHO exhibited bias for finding him guilty of "disorderly conduct" because that charge requires an act of violence. The Petitioner argues that he was not violent.

As noted by the Seventh Circuit, "'the constitutional standard for impermissible bias is high.'" *Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (quoting *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. But . . . an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding. A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner.

*Id.* (internal citations omitted).

Here, even if the Petitioner's assertion is correct (i.e., the DHO was biased because a violation for disorderly conduct requires an act of violence), the Petitioner's allegations do not satisfy the "high" constitutional standard for showing impermissible bias. *Id.* More specifically, the Petitioner does not allege that the DHO had any involvement in the Petitioner's conduct that formed the basis for the disciplinary action; nor does he allege that the DHO was involved in the investigation of the Petitioner's conduct. The Petitioner's sole argument is that the DHO was wrong in finding him guilty because his conduct was not violent. As such, these allegations cannot be the basis for habeas corpus relief.

But notwithstanding, Rule B-236 defines disorderly conduct as "disruptive and/or violent conduct." (Pet. 4.) Therefore, even if the Petitioner was not violent when he threw his food on the floor, being disruptive was sufficient to find him guilty of disorderly conduct. The Petitioner does not argue that he was non-disruptive, but even if he had, "[the] Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). Certainly, it was not unreasonable for the DHO to have found that throwing food on the floor was disruptive, and therefore, constituted a violation of Rule B-236.

For the foregoing reasons, the petition for a writ of habeas corpus [ECF No. 1] is

**DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.

SO ORDERED on January 11, 2016.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT